1  Michael Yesk (SB#130056)
2  4 Fairway Pl.
   Pleasant Hill, Ca. 94523
3  510-909-9700
   925-887-6642 (Fax)
4  yesklaw@gmail.com
   Attorneys for Plaintiffs
5

FILED    E-filing
2012 FEB -3 P 2:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
155

6
7              UNITED STATES DISTRICT COURT
8          FOR NORTHERN DISTRICT OF CALIFORNIA
                                                    NC
9              SAN FRANCISCO DIVISION
                                      CV12   0572

10 JOSE BARRIONUEVO and FLOR          ) Case No.
11 BARRIONUEVO                        )
                                      ) COMPLAINT FOR:
12             Plaintiff,             )
13     vs.                            ) 1. DECLARATORY RELIEF;
                                      )
14 CHASE BANK, N.A. Successor In Interest to ) 2. CONTRACTUAL BREACH OF GOOD
   WASHINGTON MUTUAL BANK, FA;        )      FAITH FAIR DEALING;
15 LASALLE BANK NATIONAL              )
   ASSOCIATION as Trustee for WMALT   ) 3. VIOLATIONS OF TILA;
16 SERIES 2006-AR4 Trust; CALIFORNIA  )
   RECONVEYANCE CORPORATION;          ) 4. VIOLATIONS OF RESPA;
17 MORTGAGE ELECTRONIC                )
   REGISTRATION SYSTEM, aka "MERS"    ) 5. RECISSION;
18 and DOES 1 THROUGH 100, INCLUSIVE  )
                                      ) 6. FRAUD;
19                                    )
               Defendants.            ) 7. UNFAIR AND DECEPTIVE ACTS AND
20                                    )      PRACTICES (UDAP);
21                                    )
                                      ) 8. BREACH OF FIDUCIARY DUTY;
22                                    )
                                      ) 9. UNCONSCIONABILITY;
23                                    )
                                      ) Unlimited Jurisdiction
24                                    )
                                      ) Jury Trial Demanded
25                                    )
                                      )
26 _____)
27
28 COMES NOW the Plaintiffs, JOSE BARRIONUEVO and FLOR BARRIONUEVO

                              1
                          COMPLAINT

("Plaintiffs"), complaining of the Defendants, and each of them, as follows:

## **INTRODUCTION**

1.      This is an action brought by Plaintiffs for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

2.      Plaintiffs, dispute the title and ownership of the real property in question (the "Home"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiffs' Home which is described in detail herein.

3.      Plaintiffs allege that Defendants, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Deed of Trust, resulting in imperfect security interests and claims.

4.      Plaintiffs further allege that Defendants, and each of them, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected any claim of title or security interest in the Property.  Defendants, and each of them, do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired.

5.      Plaintiffs allege that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them.  Plaintiffs desire a judicial determination and declaration of its rights with regard to the Property and the corresponding Promissory Note and Deed of Trust.

**COMPLAINT**

6.     Plaintiffs also seek redress from Defendants identified herein below for damages, for other injunctive relief, and for cancellation of written instruments based upon:

a.  An invalid and unperfected security interest in Plaintiffs' Home hereinafter described;

b.  Void "True Sale(s)" violating New York law and express terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of Plaintiff's mortgage, which is a Trust Agreement required to be filed under penalty of perjury with the United States Securities and Exchange Commission ("SEC") and which, along with another document, the Mortgage Loan Purchase Agreement ("MLPA"), is the operative securitization document created by the finance and securitization industry to memorialize securitization transactions (see further discussion of the PSA herein);

c.  An incomplete and ineffectual perfection of a security interest in Plaintiff's Home;

d.  Violations of California Business and Professions Code §17200 (Unfair Business Practices) and

e.  A void or voidable Deed of Trust due to improper securitization, for which there is a reasonable apprehension that, if left outstanding, may cause a serious injury.

**THE PARTIES**

7.     Plaintiffs are now, and at all times relevant to this action, a resident of the County of ALAMEDA, State of California.

8.     Defendant, CHASE BANK, N.A. a Successor in Interest to Washington Mutual Bank, N.A. ("CHASE") is a National Banking Association, doing business in the County of ALAMEDA, State of California.  Plaintiffs are further informed and believe, and thereon

allege, that CHASE, is the Originator of the loan and the Master Servicer and/or purported participant in the in the imperfect securitization of the Note (incorporated by reference herein) and/or Deed of Trust, (incorporated by reference herein), as more particularly described in this Complaint. Plaintiffs are further informed and believes that the CHASE is a participant in fraud on the Plaintiffs in the origination of the note.

9. Defendant, CALIFORNIA RECONVEYANCE COMPANY, ("CALIFORNIA RECON"), Plaintiffs are informed and believes, and thereon alleges, is a national financial services association and doing business in the County of ALAMEDA, State of California and is the purported Foreclosure Trustee of the mortgage herein and/or a purported participant in the imperfect securitization of the Note and/or the Deed of Trust as more particularly described in this Complaint.

10. Defendant, LASALLE BANK NATIONAL ASSOCIATION ("LASALLE BANK"), as Trustee for securitized trust, WMALT SERIES 2006-AR4 TRUST (hereinafter referred to as ("SERIES 2006-AR4"). Plaintiffs are informed and believe, and thereon allege that, LASALLE BANK is a national banking association, doing business in the County of ALAMEDA, State of California and is the purported Trustee for the Trust and/or a purported participant in the imperfect securitization of the Note and/or the Deed of Trust as more particularly described in this Complaint.

11. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., aka MERS ("MERS"), Plaintiffs are informed and believe, and thereon allege, is a corporation duly organized and existing under the laws of Delaware, whose last known address is 1818 Library Street, Suite 300, Reston, Virginia 20190; website: http://www.mersinc.org. MERS is doing business in the County of ALAMEDA, State of California. Plaintiffs are further

informed and believe, and thereon allege, that Defendant MERS is the purported Beneficiary under the Deed of Trust and/or is a purported participant in the imperfect securitization of the Note and/or the Deed of Trust, as more particularly described in this Complaint.

12. At all times relevant to this action, Plaintiffs have owned the Property located at 5931 Annadale Way, Dublin, CA 94568 (the "Property").

13. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and therefore allege, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them

14. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## JURISDICTION

15. The transactions and events which are the subject matter of this Complaint all occurred within the County of ALAMEDA, State of California.

16. The Property is located within the County of ALAMEDA, State of California.

## FACTUAL ALLEGATIONS

17. Plaintiffs executed a series of documents, including but not limited to a Note and Deed of Trust, securing the Property in the amount of note. The original beneficiary and nominee under the Deed of Trust was MERS.

18. Plaintiffs are informed and believes, and thereon alleges, that this loan was securitized, with the Note not being properly transferred to Defendant, LASALLE BANK, acting as the Trustee for the Securitized Trust. As set forth herein above, the Securitized Trust was formed by execution of the PSA.

19. Plaintiffs are informed and believe, and thereon allege, that the purchase mortgage on the Property, the debt or obligation evidenced by the Note and the Deed of Trust executed by Plaintiffs in favour of the original lender and other Defendants, regarding the Property, was not properly assigned and transferred to Defendants operating the pooled mortgage funds or trusts in accordance with the PSA of the entities making and receiving the purported assignments to this trust.

20. Plaintiffs allege that the PSA requires that each Note or Deed of Trust had to be endorsed and assigned, respectively, to the trust and executed by multiple intervening parties before it reached the Trust. Here, neither the Note nor the Deed of Trust was assigned to the Securitized Trust by the closing date. Therefore, under the PSA, any assignments of the Deed of Trust beyond the specified closing date for the Trust are void.

21. Plaintiffs further allege that even if the Deed of Trust had been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignments to and from each intervening party. Documents filed with the SEC by the securitization participants allegedly claim that the Note and Deed of

**COMPLAINT**

Trust at issue in this case were sold, transferred and securitized by Defendants, with other loans and mortgages with an aggregate principal balance of approximately $959,944,300 into the SERIES 2006-AR4, which is a Common Law Trust formed pursuant to New York law. A copy of the Prospectus Supplement can be found at the site indicated below.

22.      Plaintiffs are informed and believe, and thereon allege, that the SERIES 2006-AR4had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment as described in the Prospectus identified herein below. A detailed description of the mortgage loans which form the SERIES 2006-AR4 is included in Form 424B5 ("the Prospectus"), which has been duly filed with the SEC and which can be accessed through the below mentioned footnote.[1]

23.      Plaintiffs also allege that the Note was secured by the Deed of Trust. Plaintiff alleges that as of the date of the filing of this Complaint, the Deed of Trust had not been legally assigned to any other party or entity.

24.      Plaintiffs are informed and believe, that Defendant COUNTRYWIDE HOME LOAN SERVICING, LP, alleges that it is the "holder and owner" of the Note and the beneficiary of the Deed of Trust. However, the Note and Deed of Trust identify the mortgagee and note holder as the original lending institution or Mortgage Originator. Documents state that the original lender allegedly sold the mortgage loan to SERIES 2006-AR4.

25.      Plaintiffs further allege that no documents or records can be produced that demonstrate that prior to the closing date for SERIES 2006-AR4, the Note was duly endorsed, transferred and delivered to SERIES 2006-AR4, including all intervening transfers. Nor can

---

[1]  http://www.sec.gov/Archives/edgar/data/815018/000116231807000567/m0565424b5.htm

any documents or records be produced that demonstrate that prior to the closing date, the Deed of Trust was duly assigned, transferred and delivered to SERIES 2006-AR4, including all intervening assignments.

26.     Plaintiffs further allege that any documents that purport to transfer any interest in the Note to SERIES 2006-AR4after the Trust closing date are void as a matter of law, pursuant to New York trust law and relevant portions of the PSA.

27.     The link to the SEC and the various documents filed with the SEC regarding the Note are: SEC Website: http://www.sec.gov.

28.     Plaintiffs are further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiffs' debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales." Any security interest in the Property was, thus, never perfected. The alleged holder of the Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiff's Deed of Trust does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Property.

29.     Plaintiffs are also informed and believe, and thereon alleges, that at all times herein mentioned, and any assignment of a Deed of Trust without proper transfer of the obligation that it secures is a legal nullity.

30.     As set forth hereinabove, Defendants, and each of them, violated the express terms of the PSA which is a Trust Agreement and which, along with another document, the Mortgage Loan Purchase Agreement, is the operative securitization document created by the finance and securitization industry to memorialize a particular securitization transaction. The

**COMPLAINT**

PSA specifies the rights and obligations of each party to the securitization transaction to each other, and is a public document on file with the SEC. More specifically, the PSA requires strict compliance with its procedures and timelines in order for the parties to achieve their specific objectives.

31.     Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders which were expected to be relatively safe. The procedure for selling of the loans was to create a situation whereby certain tax laws known as the Real Estate Mortgage Investment Conduit (hereinafter "REMIC") Act were observed, and whereby the Issuing Entities and the Lenders would be protected from either entity going into bankruptcy. In order to achieve the desired "bankruptcy remoteness," two "True Sales" of the loans had to occur, in which loans were sold and transferred to the different parties to the securitization.

32.     A "True Sale" of the loan would be a circumstance whereby one party owned the Note and then sold it to another party. An offer would be made, accepted and compensation given to the "seller" in return for the Note. The Notes would be transferred, and the Deeds of Trust assigned to the buyers of the Note, with an Assignment made every step of the way, and, furthermore, each Note would be endorsed to the next party by the previous assignee of record.

33.     In order for the Trustee of the Securitized Trust to have a valid and enforceable secured claim against Plaintiffs' Home, the Trustee must prove and certify to all parties that, among other things required under the PSA:

a. There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to the (D) Trust, and that all of these endorsements and transfers were completed prior to the Trust closing dates (see discussion below); and

b. The Trustee of the Securitized Trust had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed. Absent such proof, Plaintiff alleges that the Trust cannot demonstrate that it had perfected its security interest in Plaintiff's Home that is the subject of this action. Therefore, if the Defendants, and each of them, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.

34. Plaintiffs are informed and believe, and thereon allege, that pursuant to the terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to transfer and endorse to the Trustee for the Securitized Trust, without recourse, including all intervening transfers and assignments, all of its right, title and interest in and to the mortgage loan (Note) of Plaintiffs herein and all other mortgage loans identified in the PSA.

35. Plaintiffs are further informed and believe, and thereon allege, that the PSA provides that the transfers and assignments are absolute, were made for valuable consideration, to wit, in exchange for the certificates described in the PSA, and were intended by the parties to be a bona fide or "True Sale." Since, as alleged herein below, True Sales did not actually

**COMPLAINT**

occur, Plaintiff allege that the Defendant Trustees are estopped and precluded from asserting any secured or unsecured claim in this case.

36.     Plaintiffs are further informed and believe, and thereon allege, that as a result of the PSA and other documents signed under oath in relation thereto, the Mortgage Originator, sponsor and Depositor[2] are estopped from claiming any interest in the Note that is allegedly secured by the Deed of Trust on Plaintiffs' Home herein.

37.     Plaintiffs are informed and believe, and thereon allege, that the Note in this case and the other mortgage loans identified in the PSA, were never actually transferred and delivered by the Mortgage Originator to the Sponsor or to the Depositor nor from the Depositor to the Trustee for the Securitized Trust. Plaintiffs further allege, on information and belief, that the PSA herein provides that the Mortgage Files of the Mortgages were to be delivered to SERIES 2006-AR4, which Mortgage Files include the original Deeds of Trust, herein.

38.     Based upon the foregoing, Plaintiffs are further informed and believe, and thereon allege, that the following deficiencies exist, in the "True Sale" and securitization process as to this Deed of Trust which renders invalid any security interest in the Plaintiffs' mortgage, including, but not limited to:

a.   The splitting or separation of title, ownership and interest in Plaintiffs' Note and Deed of Trust of which the original lender is the holder, owner and beneficiary of Plaintiffs' Deed of Trust;

---

[2] The Originator is the lender who originally funded the loan; the Sponsor "collects" or "buys" the loans from different lenders, combines them, and then "sells" them to the Depositor; the Depositor "deposits" the loans into the Issuing Entity Trusts, and then, various bonds and certificates are sold; the Issuing Entity would be the "legal owner" of the Notes, though the actual documents would be held by Custodians.

b. When the loan was sold to each intervening entity, there were no Assignments of the Deed of Trust to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur;

c. The failure to assign and transfer the beneficial interest in Plaintiffs' Deed of Trust to LASALLE BANK, in accordance with the PSA of the Defendants, as Securitization Participants;

d. The failure to endorse, assign and transfer Plaintiff's Note and/or mortgage to Defendant COUNTRYWIDE HOME LOAN SERVICING, LP, as Trustee for SERIES 2006-AR4, in accordance with the PSA;

e. No Assignments of Beneficiary or Endorsements of the Note to each of the intervening entities in the transaction ever occurred, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

f. Defendants, and each of them, violated the pertinent terms of the PSA.

39.     Plaintiffs, therefore, allege, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

### Declaratory Relief
### (Against All Defendants)

1.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

2.     An actual controversy has arisen and now exists between Plaintiffs and Defendants regarding their respective rights and duties, in that Plaintiffs contends that Defendants did

not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the Equal Opportunity Credit Act, the Federal Trade Commission Act, UDAP, TILA and RESPA. Thus the purported power of sale by Defendants no longer applies. Plaintiffs further contend that Defendants do not have the right to foreclose on the Subject Property because Defendants did not properly comply with proper delivery procedures under RESPA. Plaintiffs further contends that the Defendants perpetrated a fraudulent loan transaction.

3.     Plaintiffs requests that this Court find the purported power of sale contained in the Loan of no force and effect at this time, because Defendants actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to Defendants. Plaintiffs' further requests that title to the Subject Property remain in Plaintiffs' name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation.

4.     As a result of the Defendants' actions, Plaintiffs have suffered damages according to proof, and seeks declaratory relief that Defendants' purported power of sale is void and has no force or effect against the Subject Property.

5.     Further, Defendants' actions have been willful, knowing and malicious. WHEREFORE, Plaintiffs prays for relief as set forth below.

**COMPLAINT**

## SECOND CAUSE OF ACTION
### Contractual Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

6. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

7. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

8. The terms of the Loan imposed upon Defendants a duty of good faith and fair dealing in this matter.

9. Defendants enjoyed substantial discretionary power affecting the rights of Plaintiffs during the events alleged in this Complaint. Defendants were required to exercise such power in good faith.

**COMPLAINT**

10. Defendants willfully breached their implied covenant of good faith and fair dealing with

Plaintiffs when Defendants:

    I.   Willfully withheld numerous disclosures;

    II.  Willfully withheld notices in regard to Underwriting standards,

    III. Disclosures of additional income due to interest rate increases, and failure to

          disclose when negative credit scores were disseminated;

    IV. Willfully placed Plaintiffs in a loan that they did not qualify for, could not afford,

          and subjected them to further financial detriment, while providing Defendants

          with financial benefits they would not have otherwise enjoyed.

11. As a result of Defendants' breach of this covenant, Plaintiffs have suffered injury and has

caused Plaintiffs the threat of loss of their home. Plaintiffs have incurred and continue to

incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

12. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and

oppressive, entitling Plaintiffs to punitive damages in an amount appropriate to punish

Defendants and to deter others from engaging in the same behavior.

       WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
#### Violation of TILA, 15 U.S.C. § 1601, et.seq.
#### (Against All Defendants)

**13.**    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

14.    Defendants violated TILA by failing to provide Plaintiffs with accurate material

15

**COMPLAINT**

disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix.

15.     Any and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et.seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices.

16.     An actual controversy now exists between Plaintiffs, who contend she has the right to rescind the loan on the Subject Property alleged in this Complaint, and based on information and belief, Defendants deny that right.

17.     As a direct and proximate result of Defendants' violations Plaintiffs have incurred and continue to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction.

18.     Defendants were unjustly enriched at the expense of Plaintiffs who is therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants.

19.     Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and

**COMPLAINT**

oppressive, entitling Plaintiffs to punitive damages in an amount appropriate to punish

Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
### Violation of RESPA, 1 U.S.C. § 2601 et.seq.
### (Against All Defendants)

20.   Plaintiffs re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

21.   The loan to Plaintiffs was a federally regulated mortgage loan as defined in RESPA.

22.   Housing and Urban Development's (HUD's) 1999 Statement of Policy established a two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA:

a) Whether goods or facilities were actually furnished or services were actually performed for the compensation paid and;

b) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

In applying this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA. The interest and income that Defendants have gained is disproportionate to the situation Plaintiffs find themselves in due directly to Defendant's failure to disclose that they will gain a financial benefit while Plaintiffs suffer financially as a result o the loan product sold to Plaintiffs.

23. Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall. These actions were deceptive, fraudulent and self-serving.

24. As a proximate result of Defendants' actions, Plaintiffs has been damages in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as set forth herein.

## FIFTH CAUSE OF ACTION
### Rescission
### (Against All Defendants)

25. Plaintiffs re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

26. Plaintiffs is entitled to rescind the loan for all of the foregoing reasons: 1) TILA Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; and 4) Public Policy Grounds, each of which provides independent grounds for relief.

27. The Truth In Lending Act, 15 U.S.C §1601, et.seq. extends Plaintiffs's right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loans terms or Borrower's right to rescind. Here, Defendants have failed to properly disclose the details of the loan. Specifically, the initial disclosures do not initial TIL disclosures, and lack of diligence and collusion on the part of the broker, lender

and underwriter to place Plaintiffs in a loan she could not afford and would ultimately

benefit Defendants following the negative amortization that accrued.

28.     The public interest would be prejudiced by permitting the alleged contract to stand; such

action would regard an unscrupulous lender.

29.     As a proximate result of Defendants' actions, Plaintiffs have been damaged in an amount

not yet ascertained, to be proven at trial.

        WHEREFORE, Plaintiffs prays for rescission of the stated loan in its entirety.

## SIXTH CAUSE OF ACTION

### Fraud

### (Against All Defendants)

30.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though
        fully set forth herein.

31.     Defendants intentionally, willfully and wantonly engaged in the acts with the purpose of

deceiving Plaintiffs and inducing them to part with their personal and real property buy

using a stated income loan.

32.     The credit application and or available W-2's provided by Plaintiffs were enough, in

addition to the application itself for Defendant's to know what type of loan should be

offered, and what the Plaintiffs's could not afford. Any falsification of a credit application

by a broker or seller for the purposes of securing a loan is de facto fraud. *U.S. v. Robinson,*

*4₄Circuit,* 2004.

33.     Defendants engaged in the unlawful suppression of facts or circumstances by one of the

parties to a contract from the other, for self-serving purposes and financial gain, which in

justice ought to be made known.

19

**COMPLAINT**

34. Plaintiffs justifiably relied on Defendant's deception, which was the actual and proximate cause of Plaintiffs's damages.

35. Plaintiffs is entitled to exemplary and punitive damages for Defendants' fraudulent conduct in the sum to be determined at trial. Further, fraudulent concealment avoids the contract.

WHEREFORE, Plaintiffs prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION
### Unfair And Deceptive Business Act Practices (UDAP)
### (Against All Defendants)

36. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

37. Defendants failed to undergo a diligent underwriting process for this loan a alleged in this complaint. They also failed to properly adjust and disclose facts and circumstances relating to Plaintiffs's Adjustable Rate Mortgage and placed Plaintiffs in a loan, by way of stated income and misleading facts, which they should never have been approved for because they could not afford it. Defendants did have that knowledge of these facts, circumstances and risks but failed to disclose them.

38. By reason of the foregoing, Plaintiffs has suffered and continues to suffer damages in a sum, which is, as yet unascertained.

WHEREFORE, Plaintiffs prays for relief as set forth below.


## EIGHTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Defendants)

**COMPLAINT**

39. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

40. Defendants owed a fiduciary duty to Plaintiffs and breached that duty by ailing to advise or notify Plaintiffs when Defendant's broker knew or should have known that Plaintiffs will or has a likelihood of defaulting on the loan, Defendants have a fiduciary duty to the borrower to not place them in that loan (in harms way).

41. Regarding this loan, it was in the best interest of the Defendants to promote the particular program for which they approved the Plaintiffs. It led to a maximization of profits for the Defendants, with no concern for the borrower. A 30-year fixed would have netted less return for the lender through better for the borrower.

42. Defendant failed to provide material disclosures regarding the loan and its interest rate to Plaintiffs while in the capacity of Plaintiffs's Lender.

43. Defendants failed to fully comply with TILA/RESPA regulations and laws designated to protect Plaintiffs. The failure to do so placed Plaintiffs in a serious disadvantage and potential loss of their home. Such actions are violations of a fiduciary responsibility owed to Plaintiffs by Defendants.

   WHEREFORE, Plaintiffs prays for relief as set forth below.

## NINTH CAUSE OF ACTION
### Unconscionability – UCC-2-3202
### (Against All Defendants)

44. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**COMPLAINT**

45. If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

46. When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

47. Here, based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were require to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiffs's, the court may find that the loan agreement and trust deed are unconscionable and of no force or effect.

WHEREFORE, Plaintiffs prays for restitution and relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, Plaintiffs, will ask for the following for each Cause of Action to be awarded:

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Treble Damages as against the individual Defendants;
5. For Punitive Damages as allowed by law;

**COMPLAINT**

6. For Restitution as allowed by law;

7. For Attorney's Fees and Costs of this action;

8. For a judgment rescinding the Loan and Security Agreement and setting forth terms of restitution.

9. For any prejudgment or other interest according to law.

10. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a. Plaintiffs, Plaintiffs is the prevailing party;

    b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

    c. The Sponsor has no enforceable secured or unsecured claim against the Property;

    d. The Depositor has no enforceable secured or unsecured claim against the Property;

    e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

Dated: FEBRUARY 2, 2012      LAW OFFICES OF MICHAEL J. YESK

_____

Attorneys for Plaintiffs

**COMPLAINT**