United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE BARRIONUEVO, *et al.*,

Plaintiffs,

v.

CHASE BANK, N.A., *et. al.*,

Defendants.
___________________________________/

No. C-12-0572 EMC

**ORDER DENYING DEFENDANTS JP MORGAN CHASE BANK, N.A. AND CALIFORNIA RECONVEYANCE CO.'S MOTION TO DISMISS**

**(Docket No. 23)**

## I. INTRODUCTION

Plaintiffs Jose and Flor Barrionuevo (collectively "the Barrionuevos") sued Defendants JP Morgan Chase Bank ("Chase") and California Reconveyance Corporation ("California Reconveyance") on February 3, 2012, after California Reconveyance attempted to foreclose on a Deed of Trust ("DOT") that the Barrionuevos executed for the purchase of a home in California. Pls.' Opp. to Mot. to Dismiss (Docket No. 25) at 1. Chase is the successor in interest to Washington Mutual Bank ("Washington Mutual"), who executed the DOT with the Barrionuevos and funded the loan for the purchase of the subject property. In their amended complaint, the Barrionuevos assert claims against Defendants for wrongful foreclosure, slander of title, violating California Civil Code § 2923.5, and violating California's Unfair Business Practices Act (Cal. Bus. Prof. Code §§ 17200). *See* Pls.' Am. Compl. (Docket No. 20). On February 23, 2012, the Barrionuevos moved *ex parte* for a temporary restraining order barring Defendants from completing California's nonjudicial foreclosure process, which this Court denied on February 29, 2012, after a hearing on the merits. *See* Pls.' Mot. for TRO (Docket No. 5); Min. Entry Den. TRO (Docket No. 13).

United States District Court
For the Northern District of California

California Reconveyance and Chase thereafter filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Defs.' Mot. to Dismiss (Docket No. 23). Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule. 7-6. For the following reasons, Defendants' motion is **DENIED**.

## II. FACTUAL & PROCEDURAL BACKGROUND

On February 28, 2006, the Barrionuevos entered into a DOT with Washington Mutual and California Reconveyance for the purchase of a single family home in Dublin, California. Defs.' Mot. to Dismiss, Ex. A. The DOT was recorded in Alameda County on March 3, 2006, against the subject property (known as 5931 Annadele Way) to secure a promissory note in favor of Washington Mutual for a loan of $1,720,000. Pls.' Am. Compl. ¶ 9. The DOT conveys title and power of sale to California Reconveyance, and names Washington Mutual as both "Lender" and "Beneficiary." Defs.' Mot. to Dismiss, Ex. A at 1-3. In the event of default or breach by the borrower, and after first having been given an opportunity to cure, the DOT grants to the Lender the power "to require immediate payment in full of all sums secured by this security instrument without further demand," and "the power of sale and any other remedies permitted by Applicable law." Defs.' Mot. to Dismiss, Ex. A at 15.

In May of 2006, the Barrionuevos allege that Washington Mutual "securitized and sold Plaintiffs' Deed of Trust to the WMALT Series 2006-AR4 Trust," naming La Salle Bank as Trustee. Pls.' Am. Compl. ¶ 10. In support of this allegation they point to a report prepared by Certified Forensic Loan Auditors, which apparently reaches the same conclusion. *See* Pls.' Am. Compl., Ex. A - Property Securitization Analysis Report. In September of 2008, after the purported sale of the Barrionuevos' DOT, the U.S. Office of Thrift Supervision closed Washington Mutual and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. *See* Pls.' Am. Compl. ¶ 11; Defs.' Mot. to Dismiss at 2. Shortly thereafter, Chase acquired certain assets of Washington Mutual from the FDIC. *Id*. Having been sold at an earlier point to the WMALT Series 2006-AR4 Trust, the Barrionuevos allege that any beneficial interest under their DOT could not have been purchased or obtained by Chase during this acquisition. *See* Pls.' Opp. to Mot. to Dismiss at 3.

About a year later, California Reconveyance initiated nonjudicial foreclosure proceedings against the Barrionuevos regarding the subject property by recording a "Notice of Default and Election to Sell Under Deed of Trust" with the County of Alameda on April 7, 2009. Pls.' Am. Compl., Ex. B - Notice of Default. The Notice of Default identified Washington Mutual as the beneficiary of record, and included a statement that "the beneficiary or its designated agent declares that it has contacted the borrower" or has "tried with due diligence to contact the borrower as required by California Civil Code 2923.5." *Id*. at 2. The Barrionuevos allege, contrary to this statement, that neither of the Defendants contacted Plaintiffs "at least 30 days prior to recording the Notice of Default" in violation of § 2923.5.[1] *See* Pls.' Am. Compl. ¶¶ 28, 32. Thereafter, California Reconveyance recorded three separate Notices of Trustee's Sales regarding the subject property with the County of Alameda, the most recent having been filed with the County on February 2, 2012. Pls.' Am. Compl. ¶¶ 13-14; *see also* Defs.' Mot. to Dismiss, Ex. C, D, and E.[2]

The Barrionuevos initiated suit against Chase and California Reconveyance on February 3, 2012, with a complaint listing nine causes of action. Compl. (Docket No. 1). They have since filed an amended complaint listing only four causes of action, namely (1) Wrongful Foreclosure, (2) Slander of Title, (3) Violation of Cal. Civ. Code § 2923.5, and (4) Violation of the California Unfair Business Practices Act (Cal. Bus. Prof. Code §§ 17200). *See* Pls.' Am. Compl. Soon after

---

[1] Plaintiffs' amended complaint refers to the Defendants' Notice of Default as having been recorded on both November 21, 2011, and April 7, 2009. It appears that the November 21st date in the complaint is actually an erroneous reference to the Notice of Default recorded on April 7th, since the rest of record before the Court points only to April 7th as the date when that notice was recorded, and only the April 7th Notice of Default appears as an exhibit to the parties' pleadings and motion papers.

[2] These three later notices included the following statement:

> In compliance with California Civil Code 2923.5(c) the mortgagee, trustee, beneficiary, or authorized agent declares: that it has contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure; or that it has made efforts to contact the borrower(s) to assess their financial situation and to explore options to avoid foreclosure by one of the following methods: by telephone; by United States mail; either 1st class or certified; by overnight delivery; or by personal delivery; by e-mail; by face to face meeting.

*See e.g.* Defs.' Mot. to Dismiss, Ex. C at 1.

Plaintiffs' amended their complaint, Defendants jointly moved to dismiss the amended complaint "pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in its entirety, for failure to state a claim upon which relief can be granted." Defs.' Mot. to Dismiss at 1.

## III. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, the Court may consider facts alleged in the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[3] *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). A court must also take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Thus, "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At issue in a 12(b)(6) analysis is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins*, 568 F.3d at 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads

---

[3] Defendants request judicial notice of: (1) the February 28, 2006, Deed of Trust, (2) the April 7, 2009, Notice of Default, (3) the July 14, 2009, Notice of Trustee's Sale, (4) the October 19, 2010, Notice of Trustee's Sale, and (5) the February 2, 2012, Notice of Trustee's Sale. Defs.' Request for Judicial Notice (Docket 23). The Notice of Default and February 2, 2012, Notice of Trustee's Sale were already introduced by Plaintiffs as part of the amended complaint. The remaining three documents are matters of public record and are properly subject to judicial notice under Fed. R. Evid. 201(b).



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

B. Tender Rule

Chase and California Reconveyance argue as a threshold matter that "this Motion should be granted and Plaintiffs' Complaint dismissed, in its entirety" because the Barrionuevos have failed to provide or allege a willingness to "tender the outstanding indebtedness owed under the promissory note and Deed of Trust." Defs.' Mot. to Dismiss at 8. They argue that, absent an offer to tender the obligation in full, California law deprives plaintiffs of standing to challenge nonjudicial foreclosure proceedings. *See Id.* at 7-8. As this Court explained in *Tamburri v. Suntrust Mortgage, et. al.*, No. C-11-2899 EMC, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011), the exceptions and qualifications to California's 'tender rule' counsel against such a mechanical application of the rule at the pleading stage.

"The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure and has stated that '[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.'" *Cohn v. Bank of America*, No. 2:10-cv-00865 MCE KJN PS, 2011 WL 98840, at *9 (E.D. Cal. Jan. 12, 2011) (quoting *FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal. App.3d 1018, 1021 (1989)). As Defendants rightly point out, it is a general rule that "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-79 (1984).

However, as this Court discussed at length in *Tamburri*, "the tender rule is not without exceptions." *Tamburri*, 2011 WL 6294472 at *3. Several court have recognized a general equitable exception to applying the tender rule where "it would be inequitable to do so." *Onofrio v. Rice*, 55

Cal. App. 4th 413, 424 (1997) (internal citations and quotations omitted); *see e.g. Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911) (recognizing that there are "cases holding that, where a party has the right to avoid a sale, he is not bound to tender any payment in redemption;" adding that, "[w]hatever may be the correct rule, viewing the question generally, it is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of the party complaining of the sale"); *Robinson v. Bank of Am.*, 12-CV-00494-RMW, 2012 WL 1932842, at *3 (N.D. Cal. May 29, 2012) (inequitable to apply tender rule in certain circumstances); *Bowe v. Am. Mortg. Network, Inc.*, CV 11-08381 DDP SHX, 2012 WL 2071759, at *2 (C.D. Cal. June 8, 2012) (same); *Giannini v. American Home Mortg. Servicing, Inc.*, No. 11-04489 TEH, 2012 WL 298254, at *3 (N.D. Cal. Feb.1, 2012) (same). In the instant case, the Barrionuevos have a fairly strong argument that tender – or at least full tender – should not be required because they are contesting not only irregularities in sale notice or procedure, but the validity of the foreclosure in the first place. Courts have declined to require tender in just such circumstances. *See In re Salazar*, 448 B.R. 814, 819 (S.D. Cal. 2011) ("If U.S. Bank was not authorized to foreclose the [Deed of Trust] under Civil Code section 2932.5, the foreclosure sale may be void, and Salazar would not need to tender the full amount of the Loan to set aside the sale."); *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 AHM (CWx), 2011 WL 2533029, at *9-10 (C.D. Cal. June 24, 2011) (declining to require tender in wrongful foreclosure action because it "would permit entities to foreclose on properties with impunity").

Further, a growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place. *See, e.g.*, *Vissuet v. Indymac Mortg. Services*, No. 09-CV-2321-IEG (CAB), 2010 WL 1031013, at *2 (S.D. Cal. March 19, 2010) ("[T]he California 'tender rule' applies only where the plaintiff is trying to set aside a foreclosure sale due to some irregularity."); *Giannini v. American Home Mortg. Servicing, Inc.*, No. 11-04489 TEH, 2012 WL 298254, at *3 (N.D.Cal. Feb.1, 2012) ("While it is sensible to require tender following a flawed sale – where irregularities in the sale are harmless unless the borrower has made full tender – to do so prior to sale, where any harm may yet be preventable, is not."); *Robinson v. Bank of Am.*, 12-CV-00494-RMW, 2012 WL 1932842 (N.D.

Cal. May 29, 2012) (the court found it "inequitable to apply the tender rule to bar plaintiff's claims" in part because "there has been no sale of the subject property").[4] The cases cited by Defendants in support of applying the tender rule are distinguishable in that each of them addresses challenges levied against completed trustees' sales, not pre-sale challenges as here. *See U.S. Cold Storage of Calif. v. Great W. Savings & Loan Assn.*, 165 Cal. App. 3d 1214 (1985) (plaintiff challenged irregularities in sale notice or procedure after trustee sale was held); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575 (Cal. Ct. App. 1984) (action by junior lienor to set aside a completed trustee sale); *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101 (1996) (action challenging validity of trustee sale after sale occurred); *Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112 (Cal. Ct. App. 1971) (action to cancel a completed trustee sale under a deed of trust).

Finally, as this Court explained in length in *Tamburri*, "where a sale is void, rather than simply voidable, tender is not required." *Tamburri*, 2011 WL 6294472 at *4 (citing Miller & Starr California Real Estate 3d § 10:212 ("When the sale is totally void, a tender usually is not required.")). A sale that is deemed "void" means, "in its strictest sense [] that [it] has no force and effect," whereas one that is deemed "voidable" can be "avoided" or set aside as a matter of equity. *Little v. CFS Serv. Corp.*, 188 Cal. App. 3d 1354, 1358 (1987) (internal quotation marks omitted). In a voidable sale, tender is required "based on the theory that one who is relying upon equity in overcoming a voidable sale must show that he is able to perform his obligations under the contract

---

[4] California courts have also declined to view the 'tender rule' as a bar to bringing actions seeking to prevent a yet-to-be-completed foreclosure sale. In *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010), the California Court of Appeal found that a pre-foreclosure right under state law requiring borrowers "to be contacted to "assess" and "explore" alternatives to foreclosure *prior* to a notice of default" could be enforced by a borrower who had not first tendered the full amount of indebtedness owed on his note. *Id*. at 225 (emphasis in original). The court reasoned that "it would defeat the purpose of the statute to require the borrower to tender the full amount of the indebtedness *prior* to any enforcement of the right to – and that's the point – the right to be contacted prior to the notice of default." *Id*. (emphasis in original). The tender rule, the court held, "arises out of a paradigm where, *by definition*, there is no way that a foreclosure sale can be avoided absent payment of *all* the indebtedness." *Id*. (emphasis in original). In such a situation, "[a]ny irregularities in the sale would necessarily be harmless to the borrower if there was no full tender." *Id*. That contrasts markedly with a situation like the case at bar, where a borrower challenges the very authority of a party to proceed with nonjudicial foreclosure. It would hardly be "harmless" to require borrowers to tender the full amount owed in order to challenge what could be a wrongful foreclosure, where they assert not simply a right of redemption but "the right to avoid a sale" in the first place. *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911).



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

so that equity will not have been employed for an idle purpose." *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868, 878 (2000). That reasoning does not extend to a sale that is void *ab initio*, since the contract underlying such a transaction is a "nullity with no force or effect as opposed to one which may be set aside" in reliance on equity. *Id*. at 876. In *Dimock*, the California Court of Appeal held that where an incorrect trustee had foreclosed on a property and conveyed it to a third party, and the conveyed deed was not merely voidable but void, tender was not required. *I*d. at 878 ("Because Dimock was not required to rely upon equity in attacking the deed, he was not required to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed...In particular, contrary to the defendants' argument, he was not required to tender any of the amounts due under the note."). For the purposes of the 'tender rule,' the Court finds *Dimock* to be sufficiently analogous to the present case to counsel against its application here.

Moreover, the relevant documentation in this case supports the finding that the sale is void. Where a notice defect provides the basis for challenging a sale under a deed of trust, as is the case here with the Barrionuevos' allegation of noncompliance with Cal. Civ. Code § 2923.5, California courts examine in detail the deed of trust's language to determine whether it contains "conclusive presumption language in the deed" regarding notice defects that would render the sale merely voidable as opposed to void. *Little*, at 1359. As was explained in *Tamburri*,

> when a notice defect is at issue, it is not the extent of the defect that is determinative. Rather, "what seems to be determinative" is whether the deed of trust contains a provision providing for a conclusive presumption of regularity of sale. *Little*, 188 Cal. App. 3d at 1359, 233 Cal. Rptr. 923. "Where there has been a notice defect and no conclusive presumption language in the deed, the sale has been held void." *Id*. (emphasis in original). In contrast, "[w]here there has been a notice defect and conclusive presumption language in a deed, courts have characterized the sales as 'voidable.'" *Id*. (emphasis added).

*Tamburri*, 2011 WL 6294472 at *5. In *Little*, the court considered a deed provision stating "[t]he recitals in such Deed of any matters, proceedings and facts shall be conclusive proof of the truthfulness and regularity thereof" to be conclusive presumption language. *Little*, at 1360. In this case, the Barrionuevos' deed of trust provides no such conclusive presumption language. Therefore, "the Court cannot conclude, at least at this juncture, that the sale is merely voidable wherein tender

United States District Court
For the Northern District of California

would be required." *Ottolini v. Bank of America*, No. C-11-0477 EMC, 2011 WL 3652501, at *4 (N.D.Cal. Aug.19, 2011); *see also Tamburri*, 2011 WL 6294472 at *5.

These exceptions and qualifications to the tender rule raise significant doubts as to whether it should be mechanically applied at the pleading stage under the allegations of the complaint herein. Thus, as in *Tamburri*, the Court declines to dismiss the complaint on the basis of the Barrionuevos' failure to allege tender.

C. Wrongful Foreclosure

The Barrionuevos' cause of action for wrongful foreclosure is based upon their belief that "Cal Reconveyance cannot conduct a valid foreclosure sale on behalf of Defendant JP Morgan because it is not the *true* present beneficiary under Plaintiffs' Deed of Trust." Pls.' Am. Compl. ¶ 18. This belief is based upon the following chain of events:

> In May of 2006, shortly after Plaintiffs entered into the Deed of Trust, WaMu [Washington Mutual] securitized and sold the beneficial interest in the Deed of Trust to the Series 2006-AR4 Trust. From that point on, the Series 2006-AR4 Trust became the only *true* beneficiary under Plaintiffs' Deed of Trust. Thus, when JP Morgan [Chase] acceded to certain of WaMu's assets in 2008, it could not have included the beneficial interest in Plaintiffs' Deed of Trust as WaMu had already sold the beneficial interest two years *prior*, in 2006. Since WaMu no longer owned the beneficial interest in Plaintiffs' Deed of Trust, it had nothing to convey to Defendant JP Morgan in 2008 and Defendant JP Morgan is *not* the *true* beneficiary. *Id.*

Related to the allegation that Chase did not acquire Plaintiffs' DOT from Washington Mutual, the Barrionuevos further base their wrongful foreclosure claim on the grounds that the Defendants have failed to comply with California Civil Code § 2932.5, in that they have not "recorded a document in the public chain of title reflecting from whom [they] acquired the beneficial interest in Plaintiffs' Deed of Trust," as required by the statute. *Id.* at 21. Section 2932.5 provides as follows:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. *The power of sale may be exercised by the assignee if the assignment is acknowledged and recorded.*

Cal. Civ. Code § 2932.5 (emphasis added).

Chase and California Reconveyance question Plaintiffs' assertion that the DOT for the subject property was securitized into the Series 2006-AR4 Trust. *See* Defs.' Mot. to Dismiss at 5 ("A careful analysis of the information provided in the prospectus for which the "Property securitization Analysis Report"provides a website address demonstrates the Loan at issue is not part of the WMALT Series 2006-AR4 Trust."); *see also* Defs.' Reply Br. ISO Mot. to Dismiss (Docket 26) at p. 2 ("As shown in the analysis of Defendant's motion, there is no connection between the prospectus for the Series 2006-AR4 Trust and the Plaintiffs' mortgage loan. There was no securitization."). Neither the Defendants' Motion to Dismiss, the Plaintiff's Response Brief, nor the Defendant's Reply Brief address the § 2932.5 element of the Barrionuevos' wrongful foreclosure cause of action. The Court will, therefore, confine its analysis of the wrongful foreclosure claim to the Plaintiff's argument that the Defendants are not the current beneficiaries under the DOT.

Plaintiffs properly assert that only the "true owner" or "beneficial holder" of a Deed of Trust can bring to completion a nonjudicial foreclosure under California law. Pls.' Response Brief at 4. In California, a "deed of trust containing a power of sale...conveys nominal title to property to an intermediary, the "trustee," who holds that title as security for repayment of [a] loan to [a] lender, or "beneficiary." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (2008) (internal citations omitted). The "trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor[5] and beneficiary." *Id*. 335 (internal citations omitted). The trustee's duties "are twofold: (1) to "reconvey" the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon the trustor's default, resulting in a sale of the property." *Id*. at 334 (internal citations omitted). The beneficiary, ultimately, is the party that initiates nonjudicial foreclosure, since the trustee who records a Notice of Default pursuant to Cal. Civ. Code § 2924 does so as the authorized agent of beneficiary. *See* Cal. Civ. Code § 2924(a)(1); *see also* *Kachlon*, 168 Cal. App. 4th at 334 ("When the trustor defaults on the debt secured by the deed of

---

[5] The "trustor" in this context is a borrower who executes a trust deed securing a promissory note in favor of a lender.

United States District Court
For the Northern District of California

trust, *the beneficiary* may declare a default and make a demand on the trustee to commence foreclosure.") (emphasis added).

Several courts have recognized the existence of a valid cause of action for wrongful foreclosure where a party alleged not to be the true beneficiary instructs a trustee to file a Notice of Default and initiate nonjudicial foreclosure. For example, the court in *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 AHM (CWx), 2011 WL 2533029, at *9-10 (C.D. Cal. June 24, 2011), upheld a plaintiff's wrongful foreclosure claim against an entity alleged to have "no beneficial interest in the Deed of Trust when it acted to foreclose on Plaintiffs' home." There, the court expressed dismay when confronted with counsel's arguments suggesting that "someone . . . can seek and obtain foreclosure regardless of whether he has established the authority to do so." *Id.* at *7. The court asked, if defendants' argument that "the recording and execution date is inconsequential and in no way connotes that the DOT's beneficial interest was transferred at that precise time" was accepted, "how is one to determine whether (and when) the purported assignment was consummated? How could one ever confirm whether the entity seeking to throw a homeowner out of his residence had the legal authority to do so?" *Id.* at *6.

Similarly, in *Javaheri v. JPMorgan Chase Bank, N.A.*, CV10-08185 ODW FFMX, 2011 WL 2173786, at *5-6 (C.D. Cal. June 2, 2011), the court denied Defendant JPMorgan's motion to dismiss a very similar wrongful foreclosure claim to the one at issue here when the plaintiff alleged that Washington Mutual, plaintiff's original lender, had "transferred Plaintiff's Note to Washington Mutual Mortgage Securities Corporation" prior to its closure by the U.S. Office of Thrift Supervision and JPMorgan's subsequent acquisition of its assets. *Id.* at *5. The court took note of the fact that the plaintiff had produced specific "facts regarding the transfer of Plaintiff's Note" suggesting that Washington Mutual had indeed alienated its beneficial interest to plaintiff's deed of trust prior to JPMorgan's later acquisition of Washington Mutual's assets. *Id.* "Coupled with Plaintiff's allegation that JPMorgan never properly recorded its claim of ownership in the Subject Property," the court ruled that the "abovementioned facts regarding the transfer of Plaintiff's Note prior to JPMorgan's acquisition of [Washington Mutual]'s assets raise Plaintiff's right to relief above a speculative level," and held that plaintiff's allegation "that JPMorgan did not own his Note

and therefore did not have the right to foreclose" was sufficient to withstand JPMorgan's motion to dismiss. *Id*. at *5-6.

Likewise in *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575, 583 (E.D. Cal. 2010), the court recognized that, while "proof of possession of the note" is not necessary to "legally institute non-judicial foreclosure proceedings against plaintiff," the plaintiff still had a viable claim for wrongful foreclosure insofar as he argued that defendants "are not the proper parties to foreclose." *Id*. at 583. "Accordingly," the court denied "defendants motion to dismiss plaintiff's wrongful foreclosure [claim]...insofar as it is premised on defendants being proper beneficiaries." *Id*. Finally, in *Castillo v. Skoba*, No. 10cv1838 BTM, 2010 WL 3986953, at*2 (S.D. Cal. Oct. 8, 2010), the court granted a preliminary injunction in a foreclosure case where it concluded that "Plaintiff is likely to succeed on the merits of his claim that neither Aurora nor Cal-Western had authority to initiate the foreclosure sale at the time the Notice of Default was entered." There, the court ruled on the record before it that the applicable "[d]ocuments do not support a finding that either Cal-Western was the trustee or Aurora was the beneficiary on May 20, 2010 when the Notice of Default was recorded." *Id*. *See also Robinson v. Countrywide Home Loans, Inc*., 199 Cal.App.4th 42, 46 Fn. 5 (2011) ("a borrower who believes that the foreclosing entity lacks standing to do so" is not "without a remedy. The borrower can seek to enjoin the trustee's sale or to set the sale aside."); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (2011) (upholding the dismissal of plaintiff's wrongful foreclosure action, but noting as "significant" the fact that cases cited by plaintiff permitting wrongful foreclosure action "identified a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party. [plaintiff] has not asserted *any* factual basis to suspect that [defendant] lacks authority to proceed with the foreclosure.") (emphasis in original).

In the present case, the Barrionuevos allege that Chase and California Reconveyance recorded their April 7, 2009, Notice of Default without the legal right to do so, given that the prior alienation of Plaintiff's DOT by Washington Mutual in 2006 precluded these Defendants from obtaining any beneficial interest in the DOT. *See* Am. Compl. ¶¶ 16-22; Pls.' Response Brief at 3. In tandem to their § 2935.2 claim, Plaintiffs allege that this prior alienation of the DOT renders

Defendants' Notice of Default and subsequent Notices of Trustee's Sales invalid. The allegation challenging the validity of Washington Mutual's assignment of Plaintiffs' DOT to Chase suggests that the foreclosing parties did not have authority to issue the Notices. Despite Defendants' invitation to the contrary, further examination into the 2006 transaction would require a factual inquiry not suitable in a 12(b)(6) motion. Thus, insofar as Plaintiffs contend that the Notice of Default is invalid due to a lack of authority to foreclose, their wrongful foreclosure claim is similar to those advanced in *Sacchi*, *Javaheri*, *Ohlendorf*, *Skoba*, and, of course, this Court's ruling in *Tamburri*.

Accordingly, this Court finds that the Plaintiffs have sufficiently stated a claim for wrongful foreclosure. Regardless of whether § 2932.5 applies, under California law a party may not foreclose without the legal power to do so. Plaintiff alleges that the wrong parties issued the Notice of Default. At the 12(b)(6) stage, given the factual uncertainties underlying the parties' arguments, Plaintiffs' claim is sufficient to withstand a motion to dismiss.

D. <u>Slander of Title</u>

The Barrionuevos next advance a cause of action for slander of title. In their amended complaint, they allege that Chase "acted with malice and a reckless disregard for the truth by simply assuming it was the beneficiary under Plaintiffs' Deed of Trust" when it recorded a "Notice of Trustee's Sale...that cannot lead to a valid foreclosure." Am. Compl. ¶ 24. They further allege that "the recordation of the February 2, 2012 Notice of Trustee's Sale was therefore false, knowingly wrongful, without justification, in violation of statute, unprivileged, and caused doubt to be placed on Plaintiffs' title to the property," and that the "recordation of the foregoing documents directly impairs the vendibility of Plaintiffs' property on the open market in the amount of a sum to be proved at trial." *Id.* ¶ 25. Neither Plaintiffs nor Defendants address this cause of action in any of the papers accompanying Defendants' Motion to Dismiss.

The California Court of Appeals for the Fifth District recently outlined the elements required to successfully bring a cause of action for slander of title. In *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, the court explained that "slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property

United States District Court
For the Northern District of California

and causes the owner thereof some special pecuniary loss or damage." 205 Cal. App. 4th 999, 1030 (citing *Fearon v. Fodera* 169 Cal. 370 (1915)). The required elements of this tort are "(1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." *Id.* (citing *Truck Ins. Exchange v. Bennett*, 53 Cal.App.4th 75, 84 (1997); *Howard v. Schaniel*,113 Cal.App.3d 256, 263-264 (1980)).

The Barrionuevos' amended complaint is sufficient to "to state a claim to relief that is plausible on its face'"with regard to this tort. *Cousins*, 568 F.3d at 1067 (9th Cir. 2009). Plaintiffs allege, and Defendants do not appear to question, that they effected a publication regarding Plaintiffs title to the subject property (*i.e.* the Notice of Default and the three Notices of Trustee's Sales). Whether that publication was done "without privilege or justification" is somewhat harder to discern. In *Gudger v. Manton*, the California Supreme Court held that "a rival claimant of property is conditionally privileged to disparage or justified in disparaging another's property in land by an honest and good-faith assertion of an inconsistent legally protected interest in himself." 21 Cal. 2d 537, 545 (1943). The *Gudger* Court went on to say that an "express finding of lack of good faith, or of actual malice...would destroy the privilege or justification here discussed." *Id.* at 546. Plaintiffs allege quite clearly that Defendants published the February 2, 2012, Notice of Trustee's sale with "malice and a reckless disregard for the truth." Am. Compl. ¶ 24. Broadly construing their amended complaint, it would be fair to conclude that Plaintiffs view the remaining three Notices published by Chase and California Reconveyance in a similar light. Thus, on balance, Plaintiffs have alleged sufficient facts to satisfy this element of the tort at the 12(b)(6) stage. Likewise, Plaintiffs allege with some force the apparent falsity of Defendants' four publications. Finally, the Barrionuevos claim that Defendants' publications "directly impair[ed] the vendibility of Plaintiffs' property on the open market," and caused Plaintiffs to incur costs related to bringing "this action to cancel the instruments casting doubt on Plaintiffs' title," is sufficient to allege the "direct pecuniary loss" element to a slander of title action. *Id.* at ¶¶ 25-26. *See also Sumner Hill*, 205 Cal. App. 4th at 1030 ("it is well-established that attorney fees and litigation costs are recoverable as pecuniary damages in slander of title causes of action.").

Accordingly, to the extent Defendants' Motion to Dismiss reaches Plaintiffs' action for slander of title, Plaintiffs have met their burden to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

E. California Civil Code § 2923.5

California Civil Code § 2923.5(a)(1) provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days *after* initial contact is made as required by paragraph (2) or 30 days *after* satisfying the due diligence requirements as described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1) (emphasis added). Under paragraph (2), "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.* § 2923.5(a)(2). Under subdivision (g), "[a] notice of default may be filed . . . when a mortgagee, beneficiary, or authorized agent has *not* contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.* § 2923.5(g) (emphasis added). If a mortgagee, beneficiary, or authorized agent fails to comply with § 2923.5, "then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010). The only remedy for a violation of this section is "to postpone the sale until there has been compliance with section 2923.5." *Id.* (citing Cal. Civ. Code § 2924g, subdivision (c)(1)(A)).

In the instant case, the Barrionuevos assert that Chase and California Reconveyance violated § 2923.5(a)(1) because they failed to contact them prior to filing the notice of default on April 7, 2009. Am. Compl. ¶¶ 28, 32. Despite the fact that the Defendants' Notice of Default included a statement that "the beneficiary or its designated agent declares that it has contacted the borrower" or has "tried with due diligence to contact the borrower as required by California Civil Code 2923.5," Plaintiffs assert that they were, in fact, "never contacted." Am. Compl., Ex. B - Notice of Default; Am. Compl. ¶ 28. Defendants initially argue that the Barrionuevos fail to state a claim under this

United States District Court
For the Northern District of California

cause of action because they offer "no specified factual support" for their allegations. Defs.' Mot. to Dismiss at 9. However, their Reply Brief offers a very different assessment:

> Plaintiffs could not be clearer; "Plaintiffs allege that the Declaration is false because Plaintiffs were **in fact** never contacted." (*Plaintiffs' opposition*, p. 6, ln 21-23). Plaintiffs therefore claim that Defendant never called, never left a voice message, and never knocked on their door to discuss their default on the loan before having the NOD [Notice of Default] recorded. Plaintiffs' allegation also means that Defendant never offered them a trial loan modification payment plan or even offered to evaluate them for a loan modification before recording the NOD.

Defs.' Reply Brief at 3 (emphasis in original). Defendants nonetheless contends that "[w]hen the foreclosing entity declares that it tried to contact the borrower, the statutory requirements are satisfied. *Id.*. Defendants are mistaken.

A mortgagee, beneficiary, or authorized agent has satisfied the "due diligence" requirement of § 2923.5:

> if it was not able to contact the borrower after (1) mailing a letter containing certain information; (2) then calling the borrower "by telephone at least three times at different hours and on different days"; (3) mailing a certified letter, with return receipt requested, if the borrower does not call back within two weeks; (4) providing a telephone number to a live representative during business hours; and (5) posting a link on the homepage of its Internet Web site with certain information.

*Argueta v. J.P. Morgan Chase*, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011) (citing Cal. Civ. Code. § 2923.5(g)). Defendants have given no indication that they exercised "due diligence" as defined in the statute in trying to contact the Barrionuevos prior to recording the Notice of Default, other than their declaration in the Notice itself that they complied with the statute. When a plaintiff's allegations dispute the validity of defendant's declaration of compliance in a Notice of Default as here, the plaintiff has "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins*, 568 F.3d at 1067 (9th Cir. 2009). *See Argueta*, 787 F. Supp. 2d at 1107; *Caravantes v. California Reconveyance Co.*, 10CV1407, 2010 WL 4055560 (S.D. Cal. Oct. 14, 2010). Accordingly, Plaintiff's allegations of non-compliance are sufficient to defeat a motion to dismiss.

F. Unfair Business Practices Act

California's Unfair Business Practices Act, codified as Cal. Bus. Prof. Code §§ 17200, prohibits unfair competition, which is defined as, *inter alia*, "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs asserts claims under § 17200 for Chase and California Reconveyance's violation of Cal Civ. Code § 2923.5, and openly acknowledge that their § 17200 claim "is a derivative cause of action." Pls.' Response Brief at 7. They also acknowledge that "plaintiffs' ability to pursue this cause of action depends on the success or failure of their substantive causes of action." *Id*.

Defendants challenge the § 17200 claim on the basis that "a violation [of Cal Civ. Code § 2923.5] does not impact plaintiffs with an actual loss of money or property to give standing under Cal. B&P § 17200." Defs.' Reply Brief at 3. However, "[i]t is undisputed that foreclosure proceedings were initiated which put [the Barrionuevos] interest in the property in jeopardy; this fact is sufficient to establish standing as this Court has previously held." *Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, No. C-09-3365 EMC, 2009 WL 4507742, at *7 (N.D. Cal. Dec. 1, 2009) (citing *Sullivan v. Washington Mut. Bank, FA*, No. C-09-2161 EMC, 2009 U.S. Dist. LEXIS 104074, at *13 (N.D. Cal. Oct. 23, 2009). *See also Sacchi*, 2011 WL 2533029 at *8-9 (refusing to dismiss under FRCP 12(b)(6) plaintiff's section 17200 claim, in part, because plaintiff alleged a violation of Cal Civ. Code § 2923.5).

Second, Defendants repeat their argument that Plaintiffs have "failed to allege facts sufficient to demonstrate that defendants violated Section 2923.5" Defs.' Mot. to Dismiss at 9-10. "A plaintiff alleging unfair business practices under [17200] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). As a derivative claim based upon defendants' alleged failure to comply with Cal Civ. Code § 2923.5, the Barrionuevos' § 17200 claim rises and falls along with that underlying cause of action. Having already determined that Plaintiffs' § 2923.5 claim was pled with enough specificity and factual support to withstand Defendant's motion to dismiss, the Court finds Plaintiffs' §17200 claim is likewise sufficiently pled under Rule 12(b)(6).

United States District Court
For the Northern District of California

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.

This Order disposes of Docket No. 23.

IT IS SO ORDERED.

Dated: August 6, 2012

EDWARD M. CHEN
United States District Judge