**BRYAN CAVE LLP**
Daniel T. Rockey, California Bar No. 178264
Bahareh Mostajelean, California Bar No. 258903
John C. Hedger, California Bar No. 230814
560 Mission Street, 25ᵗʰ Floor
San Francisco, CA 94105
Telephone:     (415) 675-3400
Facsimile:     (415) 675-3434
Email:         daniel.rockey@bryancave.com
               bahareh.mostajelean@bryancave.com
               hedgerj@bryancave.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A (erroneously sued as Chase Bank, N.A.,
successor in interest to Washington Mutual Bank, F.A.) and CALIFORNIA
RECONVEYANCE COMPANY

# UNITED STATES DISTRICT COURT

## FOR NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BARRIONUEVO AND FLOR BARRIONEUVO individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>CHASE BANK, N.A. Successor In Interest to WASHINGTON MUTUAL BANK, FA; and DOES 1 - 100, Inclusive,<br><br>Defendants | Case No. CV12-0572 EMC<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[FRCP 56]**<br><br>Date:       July 11, 2013<br>Time:       1:30 pm<br>Location: San Francisco Courthouse<br>             Courtroom 5 - 17th Floor<br>             450 Golden Gate Avenue<br>             San Francisco, CA 94102<br><br>Complaint Filed:                     2/08/12<br>First Amended Complaint Filed:   4/19/12<br>Trial Date:                         8/26/13 |

BRYAN CAVE LLP
560 MISSION STREET, 25ᵀᴴ FLOOR
SAN FRANCISCO, CA 94105

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    **TO PLAINTIFFS AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

2    **PLEASE TAKE NOTICE** that on Thursday, July 11, 2013, at 1:30 p.m. or as soon

3 thereafter as the matter may be heard, in Courtroom 5, 17th Floor, in the San Francisco

4 Courthouse 450 Golden Gate Avenue, San Francisco, CA 94102, defendants JP MORGAN

5 CHASE BANK, N.A. and CALIFORNIA RECONVEYANCE CO. (collectively, "Defendants")

6 will, and hereby do, move this Court, the Honorable Edward M. Chen presiding, for an Order for

7 summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in their favor and

8 against Plaintiffs JOSE and FLOR BARRIONUEVO ("Plaintiffs").

9    The Motion is based on the grounds that Plaintiffs have no proof that their mortgage loan

10 was securitized and that the Notice of Default recorded against their property has been rescinded.

11 As such, the Plaintiffs causes of action have either been rendered moot or otherwise fail as a

12 matter of law.

13    Specifically, the undisputed evidence shows that Defendant had the authority to foreclose

14 and complied with the requirements governing non-judicial foreclosure before rescinding the

15 Notice of Default. Furthermore, Plaintiffs cannot demonstrate any pecuniary harm suffered by the

16 recording of the notices, or malicious and willful conduct by Defendants to pierce the privilege

17 granted by California Civil Code § 2924(d).

18    This Motion will be based on this Notice of Motion and Motion for Summary Judgment,

19 the attached Memorandum of Points and Authorities, the Declaration of John C. Hedger, the

20 Declaration of Eric Waller, the concurrently filed Request for Judicial Notice, the pleadings and

21 other documents filed in this matter, and other such matters the Court may consider.

22

23 Dated: June 6, 2013               **BRYAN CAVE LLP**

24

25                          By: _____

26                              John C. Hedger
                           Attorneys for Defendants

27                            JPMORGAN CHASE BANK, N.A and
                           CALIFORNIA RECONVEYANCE
                           CORPORATION

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.    INTRODUCTION**

3      This matter arises out of a refinance residential mortgage loan Plaintiffs obtained in

4 February 2006 (the "Loan").  Plaintiffs have not paid on their loan for a number of years and

5 Defendants initiated foreclosure proceedings,

6      Plaintiffs allege four causes of action:  1) Wrongful Foreclosure; 2) Slander of Title; 3)

7 Violation of California Civil Code Section 2923.5; and 4) Violations of California Business and

8 Professions Code Section 17200.[1]  Plaintiffs' claims are predicated on two main theories: First,

9 that the Loan was securitized in a manner that prevents JPMorgan Chase Bank, N.A. from

10 asserting a beneficiary interest regarding the loan.  Second, that Defendants failed to comply with

11 California Civil Code Section 2923.5.

12      As is evident from the evidence presented herein, and as admitted by Plaintiffs' expert, the

13 subject loan was never securitized into the Series 2006-AR4 Trust.  With regard to the alleged

14 violation of Cal. Civ. Code Sec. 2923.5, all such allegations have been rendered moot by a

15 recently filed rescission concerning those claims.

16      None of Plaintiffs' theories provide any basis to challenge the nonjudicial foreclosure

17 proceedings, Defendants respectfully request that the Court dismiss Plaintiffs' First Amended

18 Complaint for failure to state a claim upon which relief can be granted.

19 **II.    UNDISPUTED FACTS**

20      In February 2006, Plaintiffs executed an Adjustable Rate note and Deed of Trust to borrow

21 $1,720,000 from Washington Mutual Bank, F.A.  (Request for Judicial Notice ("RJN"), Exh. A;

22 Declaration of Eric Waller ("Waller Decl."), ¶¶ 5 and 6, Exh. 1 and 2).  The promissory note was

23 secured by a "Deed of Trust" for the real property commonly known as 5931 Annadele Way in

24 Dublin, California 94568 (the "Property").  (*Id*.).  The Deed of Trust identifies Plaintiffs, in their

25 individual capacity and as trustees for the Jose Barrionuevo and Flor Barrionuevo Living Trust

26 Dated 12/23/2004, as the "Borrowers;" Washington Mutual as the "Lender" and "Beneficiary;"

27

---

[1] Although the caption of Plaintiffs' First Amended Complaint lists a fifth cause of action for Injunctive Relief,
28 Plaintiffs do not separately plead for it as a cause of action and instead only seek injunctive relief as a remedy.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   and California Reconveyance Company as the "Trustee." (*Id*.). The Deed of Trust was recorded

2   on March 7, 2006 as Instrument Number 2006084331 in the Official Records of the County of

3   Alameda. (*Id*.).

4         On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and

5   appointed the FDIC as receiver. (RJN, Exh. B; Waller Decl. ¶ 8). On the same date, Chase

6   entered into a Purchase and Assumption Agreement ("P&A Agreement") with the FDIC acting in

7   its corporate capacity and as receiver for Washington Mutual. (*Id*.). The Loan in question is an

8   asset acquired by Chase pursuant to the P&A Agreement. (*Id*.; Waller Decl. ¶ 20). The P&A

9   Agreement is a matter of public record, as the FDIC is a governmental entity.[2]

10         The Loan has always been an "asset" loan, meaning that Washington Mutual retained

11   possession of the loan until it was transferred to Chase pursuant to the P & A Agreement. (Waller

12   Decl. ¶ 20). The Loan was not securitized. (Waller Decl. ¶¶ 16-20). Plaintiffs have produced no

13   evidence to dispute this. (*See* Declaration of John C. Hedger ("Hedger Decl."), Exh. B and D;

14   *also see* Hedger Decl. Exh. E at ¶¶ 7 ["Loan level detail was not identified in any publically

15   reporting trust."] and 15 ["Careful review and examination reveals that this <u>may</u> be a securitized

16   loan."(emphasis added)]; Hedger Decl. Exh. F at p. 19, ln. 3-7, p. 20, ln. 12-14, p. 27, ln. 12-14, p.

17   30, ln. 13-17, and p. 32, ln. 14-22). Thus, no assignments or substitutions were required before

18   proceeding with the foreclosure process.

19         On April 6, 2009, the Trustee, California Reconveyance Company ("CRC"), issued a

20   Notice of Default indicating that as of that date, Plaintiffs were $46,016.52 in arrears. (RJN, Exh.

21   C; Waller Decl. Ex. 3). That document was recorded as Instrument Number 2009101035 in the

22   official records of the County of Alameda. The Notice of Default states that Plaintiffs had not

23   made a payment on their mortgage since December 2008. (*Id.* at 2).

24

25

---

26   [2] The Court may take judicial notice of the P&A Agreement between the FDIC and Chase, which is published on the
FDIC's official website at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf. Fed. R. Evid. 201;

27   *Allen v. United Fin. Mortgage Corp.*, 660 F.Supp.2d 1089, 1093-94 (N.D.Cal. 2009) (taking judicial notice of the P &
A Agreement); *Javaheri v. JPMorgan Chase Bank, N.A.*, 2011 WL 97684 at *2 (C.D. Cal. Jan. 11, 2011) (same);

28   *Johnson v. Washington Mutual*, 2010 WL 682456 at *4 (E.D. Cal. Feb. 24, 2010) (same). See the concurrently filed
Request for Judicial Notice.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    On July 9, 2009, CRC executed a Notice of Trustee's Sale, setting the trustee's sale for

2  August 5, 2009, and listing the estimated unpaid balance and other charges related to the Loan as

3  $1,925,730.68.  (RJN, Exh. D; Waller Decl. Ex. 4).  The Notice of Trustee's sale was recorded as

4  instrument number 2009223286 with Alameda County on July 14, 2009.  (*Id*.).  On October 15,

5  2010, CRC recorded a second Notice of Trustee's Sale, setting the date of sale for November 10,

6  2010, and listing an estimated unpaid balance of $2,062,850.20  (RJN, Exh. E; Waller Decl. Ex.

7  5).  A subsequent Notice of Trustee's Sale was recorded on February 2, 2012, setting the trustee's

8  sale for February 23, 2012, and listing an estimated unpaid balance of $2,243,973.95.  (RJN, Exh.

9  F; Waller Decl. Ex. 6).  Finally, a Notice of Rescission was recorded on April 19, 2013.  (RJN,

10  Exh. G; Waller Decl. Ex. 7).

11    Based on these facts, Plaintiffs' claims fail as a matter of law because there are no facts

12  supporting them.

13  **III.    STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

14    "A party against whom relief is sought may move at any time, with or without supporting

15  affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(b).  The principal

16  function of a motion for summary judgment is to show that, in the absence of factual disputes, one

17  or more of the essential elements of a claim before the court is not in dispute and that, as a result,

18  judgment should be entered on the basis of purely legal considerations.  Summary judgment is

19  appropriate where no genuine issue of material fact exists and a party is entitled to prevail as a

20  matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Upon a showing that

21  there is no genuine dispute of a material fact as to a particular claim, the Court may grant

22  summary judgment in the party's favor on "all or any part thereof."  Fed. R. Civ. P. 56(a).

23    To obtain summary judgment, "the moving party may produce evidence negating an

24  essential element of the nonmoving party's case, or, after suitable discovery, the moving party

25  may show that the nonmoving party does not have enough evidence of an essential element of its

26  claim or defense to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*

27  *Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000); *accord High Tech Gays v. Def. Indus.*

28  *Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990) (moving party may satisfy its burden by

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF P&A

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  "demonstrating to the court that the nonmoving party's evidence is insufficient to establish an

2  essential element of the nonmoving party's claim."). To meet its burden, the moving party "may

3  simply point to portions of the pleadings, admissions, answers to interrogatories, and depositions

4  which, along with any affidavits, show the absence of a genuine issue of material fact." *Bhan v.*

5  *NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

6       Once the burden has been shifted to the nonmoving party, the nonmoving party "may not

7  rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts

8  showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material

9  facts exists only where the nonmoving party makes a sufficient showing to establish an essential

10 element to that party's case, and on which that party would bear the burden of proof at trial.

11 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). The nonmoving party "must

12 do more than simply show that there is some metaphysical doubt as to the material facts."

13 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see* Fed. R. Civ. P.

14 56(e). If the nonmoving party fails to demonstrate such a genuine issue, then summary judgment

15 must be entered in favor of the moving party. *Id.*

16 **IV.    LEGAL ARGUMENT**

17      Plaintiffs' four claims for relief are predicated on various "wrongful foreclosure" theories,

18 which are not supported by the recorded documents subject to judicial notice or well-established

19 California law. For the reasons set forth below, summary judgment should be granted as to each

20 cause of action in the First Amended Complaint.

21      **A.    Plaintiffs' First Cause of Action for Wrongful Foreclosure Fails**

22      The first cause of action for wrongful foreclosure in Plaintiffs' First Amended Complaint

23 ("FAC") is based on allegations that JPMorgan Chase Bank, N.A. ("Chase") is not the current

24 beneficiary because the loan was securitized (FAC, ¶¶ 17-18) and, consequently, Chase failed to

25 comply with § 2923.5 because the recorded Notice of Default and Notice of Trustee's Sales were

26 void due to this alleged lack of a beneficiary interest.

27      However, Chase has declared that it acquired the Loan as part of the assets acquired from

28 the FDIC after Washington Mutual went into receivership. (RJN, Exh. B; Waller Decl. ¶¶ 8, 16-

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF P&A

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   20).  Moreover, although not required to produce them under California law, Chase has declared it

2   has possession of the 'wet' blue ink original note and Deed of Trust.  (Waller Decl., ¶ 7).

3   Plaintiffs have not conducted any discovery to prove differently.  (Hedger Decl. ¶ 8).  Moreover,

4   Plaintiffs' expert has stated in a written affidavit and in deposition testimony that he did not find

5   evidence that the Loan was placed into the WMALT Series 2006-AR4 Trust.  (*See* Hedger Decl.

6   Exh. E at ¶¶ 7 ["Loan level detail was not identified in any publically reporting trust."] and 15

7   ["Careful review and examination reveals that this <u>may</u> be a securitized loan."(emphasis added)];

8   Hedger Decl. Exh. F at p. 19, ln. 3-7, p. 20, ln. 12-14, p. 27, ln. 12-14, p. 30, ln. 13-17, and p. 32,

9   ln. 14-22).

10        Since Chase has an undisputed beneficiary interest in the Loan, Plaintiffs' claim for

11  wrongful foreclosure must fail.  Accordingly, Defendants are entitled to summary judgment as to

12  Plaintiffs' first cause of action for wrongful foreclosure.

13        **B.        Plaintiff's Second Cause of Action For Slander Of Title Fails.**

14        Plaintiffs' slander of title claim fails for three reasons: 1) there is nothing false or improper

15  about the recorded notices; 2) the recording of notices are privileged pursuant to California Civil

16  Code § 2924(d); and 3) Plaintiffs cannot show any direct pecuniary loss as a result of the

17  recording of the notices.

18        The elements of a cause of action for slander of title are "(1) a publication, (2) which is

19  without privilege or justification, (3) which is false, and (4) which causes direct and immediate

20  pecuniary loss."  *Alpha and Omega Development, LP v. Whillock Contracting, Inc.*, 200

21  Cal.App.4th 656, 664 (2011).

22        **1.        There Is Nothing False or Improper About The Recorded Notices.**

23        Here, Plaintiffs allege that Chase was not the true beneficiary of the Loan and that the

24  Notices were recorded with malice and a reckless regard for the truth.  (FAC, ¶¶ 24-26).

25  Plaintiff's slander of title claim is based on his notion that Chase had no beneficial interest in the

26  property as of February 2, 2012 when a Notice of Trustee's Sale was recorded.  (FAC at ¶ 24).

27        As explained in Sec. IV. A. of this motion, Plaintiffs' claim that Chase lacked the

28  beneficial interest or authority to have the Notice of Default or Notices of Trustee's Sale based on

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF P&A

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  securitization of the Loan is without merit.  Therefore, Plaintiffs' second cause of action fails

2  because there is no falsity as Chase has demonstrated it holds the beneficial interest in the Loan.

3  **2.**     **The Notices Governing Non-Judicial Foreclosure Are Privileged.**

4          Plaintiffs' slander of title claim also fails because non-judicial foreclosure documents are

5  subject to privilege.  *See* Cal. Civ. Code § 2924(d); *Dubose v. Suntrust Mortg., Inc.,* No. 5:11–

6  CV–03264 EJD, 2012 WL 1376983, at *3 (N.D.Cal. Apr.19, 2012) (dismissing slander of title

7  claim because notice of default, notice of trustee sale, and substitution of trustee are subject to

8  privilege); *Lykkeberg v. Bank of America, N.A,* No. C 12–00772 JW, 2012 WL 1099773, at *6

9  (N.D. Cal. Apr. 2, 2012) (dismissing slander of title claim because transfer of deed is subject to

10  privilege); *Ramirez v. Right–Away Mortg. Inc*., No. C 11–01839–WHA, 2011 WL 3515931, at *3

11  (N.D.Cal. Aug.11, 2011) (dismissing slander of title claim because notice of default is subject to

12  privilege).

13          While malice is an exception to the privilege requirement, Plaintiffs provide no support for

14  their position that the Notice of Default and Assignment of Deed of Trust were recorded with

15  malice.  *Christiansen v. Wells Fargo Bank, No*. C 12–02526 DMR, 2012 WL 4716977, at * 6

16  (N.D. Cal. Oct. 1, 2012) (noting that malice is an exception to privilege afforded under Civil Code

17  section 47(c)).  Malice requires "that the publication was motivated by hatred or ill will towards

18  the plaintiff or by a showing that the defendant lacked reasonable ground for belief in the truth of

19  the publication and therefore acted in reckless disregard of the plaintiff's rights."  *Kachlon v.*

20  *Markowitz*, 168 Cal.App.4th 316, 336, (2008) (citations omitted).  Plaintiffs, however, base their

21  allegation of malice on the basis of Chase "assuming it was the beneficiary under Plaintiffs' Deed

22  of Trust . . . ."  (FAC, ¶ 24, ln. 13-15).  These allegations do not show any malice, or ill-will or

23  hatred on the part of Defendants to pierce the privilege afforded by the Civil Code.   Moreover,

24  Plaintiff's contentions as to the recording of a notices on behalf of the wrong beneficiary, or by an

25  entity without authorization to do so are not sufficient to state a claim for malice.  *Christiansen,*

26  2012 WL 4716977, at * 6.  In any event, Chase has demonstrated its beneficial interest in the

27  Loan.  Therefore, this claim fails because Plaintiffs have not demonstrated any malice in Chase's

28  actions of recording the Notice of Default or Notices of Trustee's Sales.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF P&A

1

**3.**      <u>**Plaintiffs Have Suffered No Pecuniary Loss.**</u>

2       Finally, Plaintiffs fail to state a claim for direct and immediate pecuniary loss as a result of

3 the recording of the notices. Plaintiffs' damages claim of attorneys' fees and costs is not sufficient

4 to state a claim for pecuniary harm to maintain his slander of title claim. *Christiansen,* 2012 WL

5 4716977, at * 6 ("Because the alleged monetary loss is limited to attorneys' fees and costs for

6 pursuing the slander of title action, the allegations fail to establish pecuniary harm as a matter of

7 law.").

8       Accordingly, since Plaintiffs cannot support three of the four elements of this cause of

9 action, Defendants are entitled to summary judgment as to Plaintiffs' second cause of action for

10 slander of title.

11      **C.**      <u>**The Third Cause of Action for Violation of Civil Code Section 2923.5 Fails**</u>

12           <u>**Because There Is No Active Notice of Default, the Only Remedy Available Has**</u>

13           <u>**Been Provided, and Plaintiffs Cannot Prove and Are Not Entitled to Damages.**</u>

14       Plaintiffs contend that Defendants violated Civil Code section 2923.5 because Chase did

15 not use due diligence to communicate alternatives to foreclosure with Plaintiffs as required by that

16 section. (FAC, ¶ 28). Assuming for purposes of this motion that Plaintiffs' allegation is true,

17 Plaintiffs' claim still fails.

18       First, Plaintiffs are not currently in foreclosure. On April 19, 2013, Defendants recorded a

19 Notice of Rescission. (RJN, Exh. G; Waller Decl., Exh. 7). Accordingly, no Notice of Default or

20 Notice of Trustee's Sale is currently pending against the Property. Although Defendants reserve

21 the right to record a new default notice in the event that they are unable to reach an informal

22 resolution with Plaintiffs, the requirements of section 2923.5 apply only to an existing Notice of

23 Default. This is because section 2923.5 provides a very limited right to postpone the foreclosure

24 before it happens. *See Mabry v. Superior Court of Orange County*, 185 Cal. App. 4th 208, 235

25 (2010) (noting that, "the *only* remedy provided is a postponement of the sale before it happens.")

26 (emphasis in original). Thus, the only remedy available for a violation of section 2923.5 does not

27 apply because there is no foreclosure sale to be postponed.

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    As a practical matter, Plaintiffs cannot prove damages for any violation of section 2923.5,

2 and even if they could, they have received the benefit of the only remedy available.  Defendants

3 have rescinded the Notice of Default altogether, and Plaintiffs cannot prove any damage from

4 failure to contact them because there is no impending foreclosure yet to discuss.

5    Even if Plaintiffs could establish a violation of section 2923.5, they have been provided the

6 only remedy available to them.  Accordingly, summary judgment should be granted as to

7 Plaintiff's third cause of action.

8    **D.    The Fourth Cause Of Action For Violation of Cal. Bus. & Prof. Code § 17200**

9    **Fails Because It Is Derivative of the Other Claims that Fail.**

10    Plaintiffs' claim for unfair competition fails because it is derivative of other claims

11 discussed and rejected herein.  *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1056 (E.D. Cal.

12 2009) ("The viability of a claim under California Business and Professions Code § 17200, *et seq.*,

13 depends on the viability of an underlying claim of unlawful conduct."); *see also Blank v. Kirwan*,

14 39 Cal. 3d 311, 329 (1985) (ruling that compliance with the underlying law is a complete defense

15 to a UCL claim that seeks redress for an "unlawful" business practice); *Chabner v. United Of*

16 *Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Circ. 2000) (explaining that there are "limits on the

17 causes of action that can be maintained under section 17200" and that a "court may not allow a

18 plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for

19 unfair competition") (internal citations omitted).  Thus, to the extent that Plaintiffs rest this claim

20 on violations of Civil Code sections 2923.5 or on any other causes of action asserted in the FAC,

21 Plaintiffs' claim fails for the reasons set forth above.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1 | **V.    CONCLUSION**

2 |     For the foregoing reasons, Defendants respectfully request that summary judgment be

3 | granted as to the entire First Amended Complaint.

4 | Dated:  June 6, 2013                  **BRYAN CAVE LLP**

5 |

6 |                      By:    */s/ John C. Hedger*

                            John C. Hedger

7 |                      Attorneys for Defendants

                     JPMORGAN CHASE BANK, N.A (erroneously

8 |                      sued as Chase Bank, N.A., successor in interest to

                     Washington Mutual Bank, F.A.) and

9 |                      CALIFORNIA RECONVEYANCE COMPANY

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF P&A